IN THE CIRCUIT COURT OF WETZEL COUNTY, WEST VIRGINIA

FILED
2017 NOV -2  AM 10: 48
LORI J. McCOY
CIRCUIT CLERK
WETZEL COUNTY, WV

**MARTY MOYERS, Individually**

Plaintiff,

v.

Civil Action No.: 17-C-76

Judge: _Hummel_

**RD EXPEDITED, INC.,**
**4058 W LAWRENCE AVE**
**CHICAGO, IL 60630**

**And**

**MOHAMMAD NAQIB**
**1307 RAQUET CLUB N DRIVE, APT. 2**
**INDIANAPOLIS, IN 46260**

Defendants.                    A TRIAL BY JURY IS DEMANDED

## COMPLAINT

**NOW COMES** the plaintiff, Marty Moyers, by and through counsel, Dino S. Colombo and Jon R. Godwin, and for his Complaint against the defendants, RD Expedited, Inc. and Mohammad Naqib, states and avers as follows:

### JURISDICTION AND VENUE

1.  Upon information and belief, at all times relevant hereto, Defendant RD Expedited, Inc. was a for-profit, foreign corporation with its primary place of business located in Illinois.

2.  Upon information and belief, at all times relevant hereto, Defendant Mohammad Naqib was a resident of Indiana.



DEFENDANT'S
EXHIBIT
2

3.  At all times relevant hereto, Marty Moyers was a resident of Pennsylvania.

4.  The event that gives rise to this Civil Action is an automobile collision that occurred on November 8, 2015, on Rt. 250, near Hundred, in Wetzel County, West Virginia.

5.  Therefore, this Court has proper jurisdiction and venue over this Civil Action.

## GENERAL ALLEGATIONS

6.  Allegations one (1) through five (5) above are hereby incorporated as though fully rewritten herein, and Plaintiff Marty Moyers further alleges:

7.  On November 8, 2015, at approximately 10:30 p.m., Defendant Naqib was operating a tractor and trailer southbound on Rt. 250, near Hundred, Wetzel County, WV.

8.  On the same date, and at the same time, Plaintiff Marty Moyers was operating his Dodge 1500 pickup truck northbound on Rt. 250.

9.  As Defendant Naqib and Marty Moyers entered a curve on Rt. 250, Defendant Naqib allowed his vehicle to travel severely left of center, causing a collision with Mr. Moyers' pickup truck.

10. As a direct and proximate result of the subject collision, the plaintiff sustained injuries, incurred medical expenses, and sustained non-economic damages.

## COUNT I – NEGLIGENCE AS TO MOHAMMAD NAQIB

11.   The allegations contained in paragraphs one (1) through ten (10) above are reiterated and reincorporated as though fully rewritten herein, Plaintiff Marty Moyers further alleges:

12.    Defendant Mohammad Naqib owed a duty to Marty Moyers to operate his tractor and trailer in a reasonably safe manner, to keep a proper lookout, to refrain from driving left of center in a curve, to operate his vehicle in a lawful manner and abide by all federal, state, and local traffic laws, specifically the laws enumerated in §17C-7 of the West Virginia Code.

13.    Defendant Mohammad Naqib breached his duties to Marty Moyers in the following ways:

> a. failed to operate his vehicle in a reasonably safe manner;
>
> b. traveled left of center in a curve;
>
> c. failed to use due care; and
>
> d. failed to otherwise adhere to the laws enumerated in West Virginia Code §17C-7.

14.    As a direct and proximate result of Mohammad Naqib's negligent conduct, Marty Moyers sustained injuries, incurred medical expenses, and sustained non-economic damages.

## COUNT III – VICARIOUS LIABILITY AS TO RD EXPEDITED, INC.

15.    The allegations contained in paragraphs one (1) through fourteen (14) above are reiterated and reincorporated as though fully rewritten herein, and Plaintiff Marty Moyers further alleges:

16.    Defendant Mohammad Naqib was acting as an agent, employee and/or servant on behalf of RD Expedited, Inc. at the time of the subject collision.

17.     At the time of the subject collision, Defendant Mohammad Naqib was driving in the course and scope of his employment or agency with RD Expedited, Inc.

18.     As such, Defendant RD Expedited, Inc. is vicariously liable for the negligent and illegal conduct of Mohammad Naqib that injured the Plaintiff in the subject collision.

## COUNT IV- CAUSATION

19.     The allegations contained in paragraphs one (1) through eighteen (18) above are reiterated and reincorporated as though fully rewritten herein, and Plaintiff Marty Moyers further alleges:

20.     The actions or omissions of the defendants were a direct, actual, and proximate cause of Plaintiff's injuries and damages that he suffered as a result of the subject motor vehicle collision.

**WHEREFORE**, the plaintiff requests, by reason of the aggravating circumstances caused by the defendants' conduct, judgment against the defendants, including but not limited to damages caused by the conduct of the defendants as follows:

a.  All compensatory damages recoverable under West Virginia law, including, but not limited to:

   a.  Past physical and emotional pain and suffering;

   b.  Past mental anguish, emotional distress, annoyance, and inconvenience;

   c.  Future mental anguish, emotional distress, annoyance, and inconvenience

   d.  Past medical expenses;

   e.  Future medical expenses;

  f. Past Loss of Enjoyment of Life;

and for punitive damages, the costs, expenses and fees incurred in pursuit of this action and for all

of the relief to which plaintiffs are entitled by law, including but not limited to, pre- and post-

judgment interest on all amounts, attorneys' fees, any other damages in an amount to be determined

by the Jury upon proper proof presented at trial, and for such other relief as this Court deems

proper.


**A TRIAL BY JURY IS DEMANDED ON ALL ISSUES.**


  **MARTY MOYERS, Individually**

  **By Counsel,**

  **Dino S. Colombo (WV Bar No. 5066)**
  **Jon R. Godwin (WV Bar No. 12541)**
  **Colombo Law**
  341 Chaplin Rd. 2nd Floor
  Morgantown, West Virginia 26501
  (304) 599-4229
  *Counsel for Plaintiff*